UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALBERT LEWIS | CIVIL ACTION |
| VERSUS | NO: 21-1450 |
| STATE FARM MUTUAL AUTO INSURANCE CO., ET AL. | SECTION: "A" (5) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 5)** filed by the plaintiff, Albert Lewis. The defendant, State Farm Mutual Automobile Insurance Co., opposes the motion. The motion, noticed for submission on September 1, 2021, is before the Court on the briefs without oral argument.

This case arises out of an automobile accident in which the plaintiff, Albert Lewis, was the passenger. Mr. Lewis filed suit in First City Court for the Parish of Orleans. State Farm removed the case to this Court. The notice of removal cites no basis for original subject matter jurisdiction in federal court; in fact, State Farm concedes that diversity jurisdiction is not present, the only species of original subject matter jurisdiction that could ever apply to this case. (Rec. Doc 1, Notice of Removal ¶ XII). Instead, State Farm alleges supplemental jurisdiction because of another lawsuit arising out of the same accident that is already pending in this district.

Mr. Lewis now moves to remand the case to state court arguing that his case is not removable in the absence of original jurisdiction, and therefore must be remanded. Mr. Lewis also seeks to recover the attorney fees and costs associated with having to

1

file his motion to remand.

State Farm's position is contrary to both the text of the removal statute itself and binding Supreme Court precedent. Removal is strictly a product of statutory creation. 28 U.S.C. § 1441(a) expressly requires original jurisdiction to support removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33-34 (2002), holds that original jurisdiction is required for removal under the statute and that ancillary jurisdiction does not suffice. Neither the notice of removal nor State Farm's opposition to the motion to remand refers to either § 1441 or the *Syngenta* decision. The authorities that State Farm does cite do not involve removal based on supplemental jurisdiction.[1]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 5)** filed by the plaintiff, Albert Lewis, is **GRANTED** and this matter is remanded to the state court from which it was removed.

August 25, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Section 1447(c) provides that an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Absent unusual circumstances, courts may in their discretion award attorney's fees under § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). The Court cannot discern how State Farm could have possibly entertained an objectively reasonable basis for removing this case. The Court seriously considered awarding fees and costs in this case; however, it declines to do so at this juncture.